**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **SOCIAL POSITIONING INPUT SYSTEMS, LLC,** | |
| Plaintiff, | **Case No: 1:21-CV-04623-CPK** |
| v. | **JURY TRIAL DEMANDED** |
| **JIO, INC.,** | **PATENT CASE** |
| Defendant. | |

**JIO, LLC'S ANSWER, AFFIRMATIVE DEFENSES,**
**AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

Defendant Jio, Inc. ("Jio" or "Defendant") files this Answer, Affirmative Defenses, and

Counterclaims to Plaintiff Social Positioning Input Systems, LLC's ("Plaintiff" or "Social

Positioning") Complaint for Patent Infringement ("Complaint"). Jio denies the allegations and

characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.[1]

**PARTIES AND JURISDICTION**

**Complaint 1.** This is an action for patent infringement under Title 35 of the United States Code.
Plaintiff is seeking injunctive relief as well as damages.

1. Jio admits that the Complaint purports to set forth an action for infringement

under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*.

**Complaint 2.** Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal
Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising
under the United States patent statutes.

---

[1] For avoidance of doubt, Jio denies liability for all allegations of patent infringement included or
implied in the introductory paragraph or in any headings of the Complaint.

2.      Jio admits that this Court has subject matter jurisdiction over this action pursuant

to 28 U.S.C. §§ 1331 and 1338(a).

**Complaint 3.** Plaintiff is a Texas limited liability company with an address of 1 East Broward Boulevard, Suite 700, Ft. Lauderdale, FL 33301.

3.      Jio is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 3 of the Complaint.

**Complaint 4.** On information and belief, Defendant is a Delaware corporation with its principal office located at 30 N LaSalle St, #2630, Chicago, IL 60602. On information and belief, Defendant may be served through its agent, Paracorp Incorporated, 2140 S Dupont Hwy, Camden, DE 19934.

4.      Jio admits the allegations in Paragraph 4 of the Complaint.

**Complaint 5.** On information and belief, this Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in this District, has conducted business in this District, and/or has engaged in continuous and systematic activities in this District.

5.      Jio does not contest that the Court has personal jurisdiction over it in this case. Jio

admits that it conducts business in the State of Illinois. Jio denies it has committed or is

committing acts of infringement within this district or elsewhere and, on that basis, denies the

remaining allegations of Paragraph 5 of the Complaint.

**Complaint 6.** On information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in this District.

6.      Jio admits that it has used, imported, offered for sale, or sold instrumentalities in

this District. Jio denies it has committed or is committing acts of infringement within this district

or elsewhere and, on that basis, denies the remaining allegations of Paragraph 6 of the

Complaint.

2

## VENUE

**Complaint 7.**  On information and belief, venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant is deemed to reside in this District. Alternatively, acts of infringement are occurring in this District and Defendant has a regular and established place of business in this District.

7.    Jio does not contest that venue is proper in this case, but denies that venue is convenient.

## COUNT I

## (ALLEGED) INFRINGEMENT OF UNITED STATES PATENT NO. 9,261,365

**Complaint 8.**  Plaintiff incorporates paragraphs 1 through 7 herein by reference.

8.    Jio incorporates paragraphs 1 through 7 herein by reference.

**Complaint 9.**  This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, et seq.

9.    Jio admits that the Complaint purports to set forth an action for infringement under the Patent Laws of the United States, 35 U.S.C. §§ 271, *et seq*.

**Complaint 10.**    Plaintiff is the owner by assignment of the '365 Patent with sole rights to enforce the '365 Patent and sue infringers.

10.    Jio is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint.

**Complaint 11.**    A copy of the '365 Patent, titled "Device, System and Method for Remotely Entering, Storing and Sharing Addresses for a Positional Information Device," is attached hereto as Exhibit A.

11.    Jio admits that a purported copy of U.S. Patent No. 9,261,365 (the "'365 Patent") is attached to the Complaint as Exhibit A and that the face of that patent indicates that it is entitled "Device, System and Method for Remotely Entering, Storing and Sharing Addresses for a Positional Information Device."

3

**Complaint 12.**     The '365 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

    12.     Jio denies the allegations in Paragraph 12 of the Complaint.


**Complaint 13.**     Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1, of the '365 Patent by making, using (at least by having its employees, or someone under Defendant's control, test the accused Product), importing, selling, and/or offering for sale associated hardware and software for asset locating services (e.g., Jio asset tracking platform, Jiobit, Jiobit for Families, and any associated hardware, apps, or other software) ("Product") covered by at least Claim 1 of the '365 Patent. Defendant has infringed and continues to infringe the '365 patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

    13.     Jio denies the allegations in Paragraph 13 of the Complaint.


**Complaint 14.**     The Product provides an asset tracking system for real-time GPS tracking of assets. A user can receive location information on a positional information device (e.g., mobile device or computer). Certain aspects of this element are illustrated in the screenshot(s) below and/or in those provided in connection with other allegations herein.

    14.     Jio denies the allegations in Paragraph 14 of the Complaint.


**Complaint 15.**     The Product software sends a request from a first (requesting) positional information device (e.g., mobile device or desktop with software installed) to a server. The request is for the real-time location (e.g., stored address) of an asset, and includes a first identifier of the requesting positional information device (e.g., user ID and password for the Product software used in the particular enterprise). The request is sent to the Product server for transmitting the asset location. The server receives the at least one address from a second (sending) positional information device at the asset (e.g., family member). Certain aspects of this element are illustrated in the screenshot(s) below and/or in those provided in connection with other allegations herein.

    15.     Jio denies the allegations in Paragraph 15 of the Complaint.


**Complaint 16.**     The at least one address is received from the server at the requesting positional information device. For example the Product's server transmits the position of an asset (at least one address) to the requesting positional information device. Certain aspects of this element are illustrated in the screenshot(s) below and/or in those provided in connection with other allegations herein.

    16.     Jio denies the allegations in Paragraph 16 of the Complaint.

**Complaint 17.**      A second identifier for the second (sending) positional information device is determined based on the first identifier and the server retrieves the at least one address stored in the at least one sending positional information device. The Product application installed on the requesting positional information device requests (from the server) the asset's GPS location (i.e., at least one stored address stored). As shown above, before activating the tracker (i.e., the sending positional information device), a unique tracking device's ID number or credentials (i.e., second identifier) needs to be added to the user's account identified by the user login ID and password (i.e., the first identifier). Hence, the tracker device's ID number or asset credentials (i.e., second identifier) is mapped to the user's login ID (i.e., the first identifier) for tracking the real-time location (i.e., at least one stored address stored) of the asset. Certain aspects of this element are illustrated in the screenshot(s) below and/or in those provided in connection with other allegations herein.

17.      Jio denies the allegations in Paragraph 17 of the Complaint.

**Complaint 18.**      Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

18.      Jio denies the allegations in Paragraph 18 of the Complaint.

**Complaint 19.**      Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

19.      Jio denies the allegations in Paragraph 19 of the Complaint.

**Complaint 20.**      Plaintiff is in compliance with 35 U.S.C. § 287.

20.      Jio is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

Jio is not required to provide a response to Plaintiff's demand for a trial by trial.

## PLAINTIFF'S PRAYER FOR RELIEF

Jio denies the Plaintiff is entitled to any relief from Jio and denies all the allegations contained in Paragraphs (a)-(e) (including any subparts) of Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

Jio's Affirmative Defenses are listed below. Jio reserves the right to amend its answer to add additional Affirmative Defenses consistent with the facts discovered in this case.

### FIRST AFFIRMATIVE DEFENSE

Jio has not infringed and does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '365 Patent.

### SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the '365 Patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff and any predecessors in interest to the '365 Patent failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that Jio's actions allegedly infringe the '365 Patent, Jio is not liable to Plaintiff for the acts alleged to have been performed before Jio received actual notice that it was allegedly infringing the '365 Patent.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that Jio indirectly infringes, either by contributory infringement or inducement of infringement, Jio is not liable to Plaintiff for the acts alleged to have been performed before Jio knew that its actions would cause indirect infringement.

## FIFTH AFFIRMATIVE DEFENSE

The claims of the '365 Patent are not entitled to a scope sufficient to encompass any system employed or process practiced by Jio.

## SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff contends that it alleges a claim for indirect infringement (whether by inducement or contributorily), Plaintiff has failed to state a claim upon which relief can be granted.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the '365 Patent does not claim patent eligible subject matter under 35 U.S.C. § 101.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that any system employed by Jio practices: "sending a request from a requesting positional information device to a server for at least one address stored in at least one sending positional information device, the request including a first identifier of the requesting positional information device"; and "receiving at the requesting positional information device, from the server, a retrieved at least one address to the requesting positional information device wherein the server determines a second identifier for identifying the at least one sending positional information device based on the received first identifier and retrieves the requested at least one address stored in the identified at least one sending positional information device"; as required by Claim 1 of the '365 Patent.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff is estopped, based on statements, representations, and admissions made during prosecution of the patent application resulting in the asserted patent, from asserting any interpretation of any valid, enforceable claims of the '365 Patent that would be broad enough to cover any accused product alleged to infringe the asserted patent, either literally or by application of the doctrine of equivalents.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are statutorily limited or barred by 35 U.S.C. §§ 286 and 287. Plaintiff is further barred under 35 U.S.C. § 288 from recovering costs associated with its action.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovering its reasonable attorney's fees, costs, and or increased damages under 35 U.S.C. §§ 284 or 285.

## TWELFTH AFFIRMATIVE DEFENSE

Should Jio be found to infringe any valid, enforceable claim of the '365 Patent, such infringement was not willful.

## JIO'S COUNTERCLAIMS

For its counterclaims against Plaintiff Social Positioning Input Systems, LLC ("Social Positioning"), Counterclaim Plaintiff Jio Corporation ("Jio"), alleges as follows:

## PARTIES

1.      Counterclaim Plaintiff Jio is a corporation organized and existing under the laws of Delaware that maintains a place of business at 30 N LaSalle St, #2630, Chicago, IL 60602.

2.      Upon information and belief based solely on Paragraph 1 of the Complaint as

pled by Plaintiff, Counterclaim Defendant Social Positioning Input Systems, LLC is a limited liability company organized and existing under the laws of Texas that maintains its principal place of business at 1 East Broward Boulevard, Suite 700, Ft. Lauderdale, FL 33301.

## JURISDICTION

3.      Jio incorporates by reference Paragraphs 1–2 above.

4.      These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5.      Social Positioning has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6.      Based solely on Social Positioning's filing of this action, venue is proper for purposes of these counterclaims in this District pursuant at least 28 U.S.C. §§ 1391 and 1400.

## COUNT I

## DECLARATION REGARDING NON-INFRINGEMENT OF THE '365 PATENT

7.      Jio incorporates by reference Paragraphs 1–6 above.

8.      Based on Social Positioning's filing of this action and at least Jio's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Jio infringes U.S. Patent No. 9,261,365 (the "'365 Patent").

9.      Jio does not infringe at least Claim 1 of the '365 Patent because, *inter alia*, Plaintiff has not stated a plausible allegation that any system employed by Jio practices: "sending a request from a requesting positional information device to a server for at least one address stored in at least one sending positional information device, the request including a first identifier

of the requesting positional information device"; and "receiving at the requesting positional information device, from the server, a retrieved at least one address to the requesting positional information device wherein the server determines a second identifier for identifying the at least one sending positional information device based on the received first identifier and retrieves the requested at least one address stored in the identified at least one sending positional information device."

10.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Jio requests a declaration by the Court that Jio has not infringed and does not infringe any claim of the '365 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

## COUNT II

## DECLARATION REGARDING INVALIDITY

11.     Jio incorporates by reference Paragraphs 1–10 above.

12.     Based on Social Positioning's filing of this action and at least Jio's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '365 Patent.

13.     On information and belief, the claims of the '365 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, and the rules, regulations, and laws pertaining thereto.

14.     For example, as explained in Jio's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), incorporated by reference herein, the '365 Patent is invalid for failure to comply with 35 U.S.C. § 101. As explained, the '365 Patent claims nothing more than an abstract idea, and it fails to claim an inventive concept.

15.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Jio requests a declaration by the Court that the claims of the '365 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

16.     Jio does not have an adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Jio asks this Court to enter judgment in Jio's favor and against Social Positioning by granting the following relief:

a)      a declaration that the '365 Patent is invalid;

b)      a declaration that Jio does not infringe, under any theory, any valid claim of the '365 Patent that may be enforceable;

c)      a declaration that Social Positioning take nothing by its Complaint;

d)      judgment against Social Positioning and in favor of Jio;

e)      dismissal of the Complaint with prejudice;

f)      a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Jio of its costs and attorneys' fees incurred in this action; and

g)      further relief as the Court may deem just and proper.

## JURY DEMAND

Jio hereby demands trial by jury on all issues.

Dated: February 11, 2022   Respectfully submitted,

        **FISH & RICHARDSON P.C.**

        By: */s/ Neil J. McNabnay*
           Neil J. McNabnay
           Ricardo J. Bonilla ( *pro hac vice* to be filed)
           Noel Chakkalakal ( *pro hac vice* to be filed)
           1717 Main Street, Suite 5000
           Dallas, TX 75201
           (214) 747-5070 (Telephone)
           mcnabnay@fr.com
           rbonilla@fr.com
           chakkalakal@fr.com

           Robert D. Leighton
           GOLDBERG KOHN, LTD.
           55 East Monroe, Suite 3300
           Chicago, Illinois 60603
           312-201-4000
           Robert.Leighton@goldbergkohn.com

          **ATTORNEYS FOR DEFENDANT**
          **JIO, INC.**

## CERTIFICATE OF SERVICE

   The undersigned hereby certifies that on February 11, 2022, a true and correct copy of the foregoing document was filed with the Clerk of the Court using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

          */s/ Neil J. McNabnay*
          Neil J. McNabnay